RENDERED: APRIL 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0208-MR

JASON ADAMS                                                            APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.          HONORABLE JOSEPH ROARK, JUDGE
ACTION NO. 22-CR-01087

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

ECKERLE, JUDGE: Appellant, Jason Adams ("Adams"), seeks review of a conditional guilty plea following the McCracken Circuit Court's denial of his motion to suppress evidence seized during a search of his vehicle. Adams argues that the officer unreasonably prolonged the traffic stop to allow another officer to conduct a K-9 ("canine") sniff of his vehicle. We conclude that the Trial Court's findings to the contrary were supported by substantial evidence, and, thus, the Trial

Court did not err by denying Adams' motion to suppress. Hence, we affirm the conviction.

On November 18, 2022, a McCracken County Grand Jury returned an indictment charging Adams with Careless Driving, Failure to Produce an Insurance Card, No/Expired Kentucky Registration Receipt, Failure to Notify Address Change to Department of Transportation, Possession of Drug Paraphernalia, and Trafficking in a Controlled Substance in the First Degree (more than 2 grams methamphetamine), second or greater offense. Thereafter, Adams moved to suppress the evidence that had been seized in a search of his vehicle. That evidence formed the basis of the drug paraphernalia and trafficking charges.

On July 21, 2023, the Trial Court conducted an evidentiary hearing on the motion. On September 7, 2023, after considering the evidence presented at the hearing and briefs of counsel, the Trial Court entered a written order denying the motion to suppress. The Trial Court concluded that the officer did not extend the traffic stop to call in a canine unit. Thereafter, Adams entered a conditional guilty plea to all charges, reserving his right to appeal the suppression ruling pursuant to Kentucky Rule of Criminal Procedure ("RCr") 8.09. In accord with the Commonwealth's recommendation, the Trial Court sentenced Adams to a total of seven-and-one-half years' incarceration. This appeal followed. Additional facts will be set forth below as necessary.

-2-

On appellate review of the denial of a motion to suppress evidence, the Trial Court's findings of fact are reviewed using the clearly erroneous standard. *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). The Trial Court's findings of fact are considered conclusive if they are supported by substantial evidence. *Simpson v. Commonwealth*, 474 S.W.3d 544, 547 (Ky. 2015). "'[S]ubstantial evidence' means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Golightly*, 976 S.W.2d at 414 (citations omitted). This Court must then conduct a *de novo* review of the Trial Court's application of the law to the facts to determine whether it erred in denying the motion to suppress evidence as a matter of law. *Id.*

Adams does not significantly dispute the Trial Court's findings concerning the circumstances of the traffic stop as developed at the evidentiary hearing. Around 10:30 p.m. on October 6, 2022, Patrol Officer Pedro Laredo of the Paducah Police Department ("Officer Laredo") observed a male operating a motor vehicle and "riding the yellow line" for a distance of approximately 0.2 miles. Officer Laredo ran the vehicle's license plates, which came back to an elderly, female owner. The records also revealed a history of narcotics charges associated with the vehicle. In addition, the records indicated that Adams was the person associated with those charges.

Officer Laredo pulled over the vehicle ten minutes later, at approximately 10:38 p.m. He made contact with the driver, Adams, about one minute later. Officer Laredo asked Adams for identification and proof of insurance, which Adams was unable to provide. However, Officer Laredo was able to confirm Adams' identity from the information that he provided. Officer Laredo then asked Adams to step out of the vehicle. Adams consented to a search of his person but not the vehicle. Officer Laredo also asked Adams if he had any drugs in his possession, to which Adams replied in the negative. Officer Laredo then began writing the citation for careless driving and other violations. Officer Laredo testified that, because Adams could not produce identification or proof of insurance, he would not have allowed Adams to leave the scene by driving the vehicle.

When Officer Laredo asked Adams to step out of the vehicle, he called Officer Will Hendrickson ("Officer Hendrickson") to bring his canine unit. At approximately 10:46 p.m., Officer Hendrickson arrived with his canine unit. Officer Laredo was still filling out the citation at this time. After speaking with another officer on the scene and explaining the process to Adams, Officer Hendrickson began conducting the canine sniff on the exterior of the vehicle. The dog alerted on the vehicle at approximately 10:49 p.m. A search of the vehicle

uncovered methamphetamine and drug paraphernalia, which led to the above-mentioned charges.

Officer Laredo spent about four-and-one-half minutes questioning Adams about his identity and insurance status. Once Officer Laredo determined that he had grounds to issue a citation, Officer Laredo spent another two-to-three minutes working on the citation until Officer Hendrickson arrived. Officer Laredo briefly spoke to Officer Hendrickson before returning to work on the citation. Officer Hendrickson's canine alerted on the vehicle about three minutes later. Officer Laredo was working continuously on the citation during this period. Just over ten minutes had elapsed since Officer Laredo initiated the traffic stop.

On appeal, the issue of law is whether the duration of the stop was prolonged beyond the "tolerable" amount required "to address the traffic violation that warranted the stop[.]" *Rodriguez v. United States*, 575 U.S. 348, 354, 135 S. Ct. 1609, 1614, 191 L. Ed. 2d 492 (2015). The purpose of a stop in the traffic context has been defined by the United States Supreme Court to include "determining whether to issue a traffic ticket . . . checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Id.* at 355, 135 S. Ct. at 1615. A dog sniff itself, conducted during a lawful traffic stop, does not violate the Fourth Amendment as it "reveals no information other than the location

of a substance that no individual has any right to possess[.]" *Illinois v. Caballes*, 543 U.S. 405, 410, 125 S. Ct. 834, 838, 160 L. Ed. 2d 842 (2005).

Similarly, "the Fourth Amendment tolerated certain unrelated investigations that did not lengthen the roadside detention." *Rodriguez*, 575 U.S. at 354, 135 S. Ct. at 1615 (citing *Arizona v. Johnson*, 555 U.S. 323, 327-28, 129 S. Ct. 781, 172 L. Ed. 2d 694 (2009), and *Caballes*, 543 U.S. at 406, 408, 125 S. Ct. 834)). However, an officer's stop exceeding the time reasonably required to carry out the purpose of the stop violates the Fourth Amendment's "shield against unreasonable seizures." *Id.* at 350, 135 S. Ct. at 1612. There is no "*de minimis* exception" to the rule that a traffic stop cannot be prolonged for reasons unrelated to the purpose of the stop. *Rodriguez*, 579 U.S. at 356, 135 S. Ct. at 1615-16.

Further, an officer's subjective intentions are of minimal importance in "ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996). Finally, the United States Supreme Court has stated that an alert from a certified dog constitutes probable cause to search. *Florida v. Harris*, 568 U.S. 237, 247, 133 S. Ct. 1050, 1057, 185 L. Ed. 2d 61 (2013).

While Adams suggests that Officer Laredo's stated reasons for the traffic stop were pretextual, Adams does not dispute that Officer Laredo had probable cause to initiate the traffic stop. He argues only that Officer Laredo

unreasonably prolonged the traffic stop to call Officer Hendrickson and conduct the canine sniff of the vehicle. Adams points out that Officer Laredo neither observed any sign that he was impaired nor any other conduct that may have indicated that criminal activity was afoot. At most, Officer Laredo had a subjective impression that Adams was being deceptive when asked whether he had any drugs. Thus, Adams contends that Officer Laredo had no reasonable basis to prolong the stop.

However, the critical question is whether conducting the canine sniff "prolongs" or "adds time" to the stop. *Commonwealth v. Smith*, 542 S.W.3d 276, 282 (Ky. 2018) (citing *Rodriguez*, 575 U.S. at 357, 135 S. Ct. at 1616). Even if Officer Laredo's stated reasons for the initial stop were pretextual, Adams' failure to produce identification and proof of insurance complicated the process of writing a citation. Furthermore, the Trial Court found that Officer Laredo did not unreasonably prolong questioning Adams or writing the citation. Likewise, there was no evidence that Officer Hendrickson unreasonably prolonged the canine sniff. Once the canine alerted on the vehicle, the officers had probable cause to conduct a further search. Under these circumstances, the Trial Court did not err by denying Adams' motion to suppress the evidence.

Accordingly, we affirm the judgment of conviction by the McCracken Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky